IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN McGREW, SR., 1775946, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:15-CV-0270-O-BK |
| | § | (3:12-CR-0175-O-(19)) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a state prisoner, filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, challenging his federal conviction and sentence. [Doc. 2]. Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the section 2255 motion be summarily dismissed without prejudice.

In January 2014, following his guilty plea to conspiracy to distribute a controlled substance, Petitioner was sentenced to 120 months' imprisonment and a 5-year term of supervised release. *United States v. McGrew*, 3:12-CR-075-O-19 (N.D. Tex., Dallas Div., Jan. 31, 2014) [Crim. Doc. 1255]. Petitioner's direct appeal is pending before the United States Court of Appeals for the Fifth Circuit. *See McGrew v. United States*, No. 14-10150 (5th Cir.) (awaiting review of counsel's motion to withdraw and *Anders'* brief).

A district court does not entertain a section 2255 motion during the pendency of a direct appeal because "the disposition of the appeal may render the motion moot." *Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968), *abrogated on other grounds*, *United States v. Ortega*, 859 F.2d 327 (5th Cir. 1988); *see also Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam). Therefore, Petitioner's request for section 2255 relief should be dismissed without

prejudice.

For the foregoing reasons, it is recommended that the section 2255 motion be **DISMISSED without prejudice** to Petitioner reasserting it after the United States Court of Appeals for the Fifth Circuit has ruled on his direct criminal appeal.[1]

**SO RECOMMENDED** on January 29, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] There is a one-year statute of limitations for filing motions to vacate, set aside, or correct sentence, which will apply to any subsequent section 2255 motion that Petitioner files in this Court. 28 U.S.C. § 2255(f)(1)-(4).